IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| LEO J. DRISCOLL, | ) | No. 34088-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON STATE INSURANCE | ) | UNPUBLISHED OPINION |
| COMMISSIONER; TIAA-CREF Life | ) | |
| Insurance Company; METROPOLITAN | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Respondents. | ) | |

PENNELL, J. — Leo Driscoll appeals the dismissal of his administrative challenge

to a long-term care insurance rate increase. Because Mr. Driscoll did not file his

challenge in a timely manner, we affirm.

## FACTS

In 2002, Leo and Mary Driscoll purchased long-term care insurance policies from

TIAA-CREF Life Insurance Company. MetLife subsequently became an administrator

and reinsurer of those policies.

As is true of other forms of insurance, long-term insurance is regulated by Washington's Office of the Insurance Commissioner (OIC). Among other things, the OIC is responsible for approving insurance premium rates before they can take effect. *See* RCW 48.19.030-.040; ch. 284-24 WAC. On June 10, 2011, MetLife filed a request with the OIC to increase premium rates by 41 percent for the block of long-term care insurance policies that included the Driscolls' policies. The OIC approved the request through a written order dated August 17, 2011.

With the order approving the rate increase in hand, MetLife sent out notice to all affected policyholders, including the Driscolls. Mr. Driscoll received his copy of the rate increase notice on December 9, 2011. The notice advised that policyholders could pay the increased premiums, reduce their coverage, or cancel their coverage. The Driscolls opted to pay the new premiums and received a new policy schedule (a form attached to their policies on which the approved rate is printed) with updated premium information.

On September 19, 2014, almost three years after receiving the rate increase notice from MetLife, Mr. Driscoll filed a demand for hearing with the OIC. The demand alleged four counts. Only the third count is relevant to this appeal. Count 3 alleged the

> OIC's approval of the premium increase and the related Policy Schedule forms was erroneous because such approval was, and is, ungrounded, and that the Commissioner has authority, grounds, cause, and duty to hold a hearing and to issue an order pursuant to RCW 48.18.100(3) and (4) and

2

RCW 48.18.110(1) directing the insurer to cease use of and withdraw the changed Policy Schedule forms and granting other prospective relief.

Clerk's Papers at 25-26; Administrative Record at 2-3.

The OIC's presiding officer dismissed Mr. Driscoll's demand for hearing, finding Mr. Driscoll had failed to comply with the requirement in RCW 48.04.010(3) that he file his demand for hearing no later than 90 days after he received notice of the rate increase.

Mr. Driscoll petitioned for judicial review with the Spokane County Superior Court. At the same time, he included MetLife as a respondent. After reviewing briefing submitted by the parties and hearing argument, the court concluded: (1) Mr. Driscoll's claims were time barred, and (2) the filed rate doctrine barred his claims. Mr. Driscoll now appeals the dismissal of count 3 to this court.

## ANALYSIS

*Standard of review*

The Administrative Procedure Act, chapter 34.05 RCW, governs our review of the OIC's agency order. RCW 34.05.570; *Premera v. Kreidler*, 133 Wn. App. 23, 31, 131 P.3d 930 (2006). In this context, our court sits in the same position as the superior court, reviewing the agency decision. *Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 402, 858 P.2d 494 (1993). We will grant relief from an agency order only if the challenging party demonstrates the order is invalid for one of the reasons set forth by statute. *Premera*,

133 Wn. App. at 31 (citing RCW 34.05.570(1)(a), (3)).

*Analysis*

The OIC's presiding officer found Mr. Driscoll's demand for hearing was time barred under RCW 48.04.010(3) because it was filed more than 90 days after the Driscolls received notice of the 2011 order approving MetLife's rate filing. Mr. Driscoll contends the presiding officer erred in so concluding for three reasons:

- First, because RCW 48.04.010(3) expressly applies solely to written orders of the commissioner, the statute is inapplicable to his demand for hearing for count 3. The commissioner's written order did not aggrieve him; rather, it was the commissioner's failure to act that aggrieved him.

- Second, although he was notified of the rate increase on December 9, 2011, Mr. Driscoll did not receive notice until after July 16, 2012, that MetLife's rate filing was not accompanied by information required by law for the OIC to approve that request.

- Third, assuming a statute of limitation is applicable to his claim for relief, that statute would be RCW 4.16.080(2), the three-year statute of limitation applicable to causes of action for injuries to a person's intangible property rights and interests.

4

None of Mr. Driscoll's arguments for reversal are persuasive.

Our analysis is governed by RCW 48.04.010, which provides:

(1) The commissioner may hold a hearing for any purpose within the scope of this code as he or she may deem necessary. The commissioner shall hold a hearing:

. . . .

(b) Except under RCW 48.13.475, upon written demand for a hearing made by any person aggrieved by any act, threatened act, or failure of the commissioner to act, if such failure is deemed an act under any provision of this code, or by any report, promulgation, or order of the commissioner other than an order on a hearing of which such person was given actual notice or at which such person appeared as a party, or order pursuant to the order on such hearing.

. . . .

(3) Unless a person aggrieved by a written order of the commissioner demands a hearing thereon within ninety days after receiving notice of such order . . . the right to such hearing shall conclusively be deemed to have been waived.

Mr. Driscoll claims his demand for hearing falls under RCW 48.04.010(1)(b), not RCW 48.04.010(3). He reasons that the OIC continually failed to act by not withdrawing its approval of MetLife's 2011 rate increase. According to Mr. Driscoll, it is this failure to act that forms the basis of his complaint, not the original 2011 order. Based on this distinction, Mr. Driscoll asserts the 90-day limitation period is inapplicable.

We are unpersuaded. While there may be some cases where a party is aggrieved solely by the OIC's failure to act under RCW 48.04.010(1)(b), this case is not one of them. To the extent Mr. Driscoll was aggrieved, it was by the rate increase approved

5

through the OIC's 2011 written order. Because Mr. Driscoll did not file a timely demand challenging the order, his complaint cannot be heard. Mr. Driscoll's reasoning that the OIC improperly failed to act when it did not withdraw the 2011 approval constitutes nothing more than a collateral attack of the 2011 order. We cannot countenance such an attack, as it is inconsistent with the clear legislative preference for finality set by the 90-day limitation period.

Mr. Driscoll clams he did not discover that MetLife's rate filing was inadequately supported until some unspecified time after July 16, 2012. This is irrelevant. The 90-day filing requirement is triggered by the notice of the written order, not notice of the substantive basis for demanding a hearing. Mr. Driscoll provides no authority that the 90-day filing requirement is subject to a discovery rule or some other tolling. But even if Mr. Driscoll could establish a basis for tolling, he still failed to demand a hearing within 90 days of the July 16, 2012 discovery date.

Because Mr. Driscoll's complaint pertains to a written OIC order, only the 90-day limitation period applies to his case. We therefore need not address what statute of limitation might apply to a genuine complaint regarding the OIC's failure to act under RCW 48.04.010(1)(b).

No. 34088-1-III
*Driscoll v. Ins. Comm'r*

## CONCLUSION

The OIC's order of dismissal is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____     _____
Lawrence-Berrey, A.C.J.           Korsmo, J.